# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ROBIN JORDAN,
    Plaintiff,

v.

COMPLETE HEALTH PARTNERS OF FLORIDA, INC., a/k/a COMPLETE HEALTH PARTNERS, INC., a/k/a COMPLETE HEALTH, LLC,
    Defendant.

Case No. 3:21-cv-653

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, ROBIN JORDAN ("Plaintiff"), by and through the undersigned Counsel, and hereby sues COMPLETE HEALTH PARTNERS OF FLORIDA, INC. ("Defendant"), and alleges the following:

1. Plaintiff is an individual resident and citizen of Jacksonville, Duval County, Florida.

2. Defendant is a foreign corporation whose principal place of business is in Jacksonville, Duval County, Florida.

3. This Court has jurisdiction over this lawsuit, pursuant to 28 U.S.C. § 1331.

4. The unlawful employment practices alleged in this complaint were committed within the State of Florida in this judicial district and division.

5. Venue is proper in this judicial district and division.

6. Plaintiff timely filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (the "EEOC"). The EEOC issued Plaintiff a right to sue letter on April 13, 2021. A copy of the notice is attached hereto as **Exhibit 1**.

## GENERAL ALLEGATIONS

7. Plaintiff is a female who, at all times material, was the human resources director for the Defendant.

8. As part of her duties as Defendant's HR director, Plaintiff investigated a claim of sex discrimination and harassment, which had been reported by an employee whose initials are D.M.

9. After engaging in an initial investigation of the claim, Plaintiff reported to Defendant's CEO, Jeff Preuss, that the claim appeared to be bad for the company.

10. Defendant's CEO, Jeff Preuss, responded that he wanted to make sure that the claim would not be "material".

11. Following this meeting, Defendant's CEO, Jeff Preuss, terminated the Plaintiff on February 5, 2020 in direct retaliation for Plaintiff's report concerning her initial investigation of D.M.'s report of discrimination and harassment.

## COUNT I: RETALIATION (42 U.S.C. § 2000e-3)

12. Plaintiff realleges paragraphs 1-11 above.

13. This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to Section 2000e-3(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (the "Civil Rights Act").

14. Defendant is an employer that is subject to Title VII of the Civil Rights Act of 1964.

15. Plaintiff opposed an employment practice that was made unlawful by the Civil Rights Act.

16. Additionally, Plaintiff she made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the Civil Rights Act.

17. By reason of Plaintiff's actions described in the prior to paragraphs, Defendant discriminated against her.

18. As a direct and proximate result of Defendant's unlawful discrimination and retaliation against her, Plaintiff has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which she is entitled to compensation.

19. Defendant's retaliation has continued post-termination, as well. For example, Defendant intentionally interfered with Plaintiff's rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and the federal American Rescue Plan Act of 2021 ("ARPA"), which in relevant part provides a 100% subsidy of COBRA premiums for eligible participants, including

Plaintiff. As a direct and proximate result of Defendant's further unlawful discrimination and retaliation against her, Plaintiff incurred economic damages, including medical bills, in addition to non-economic damages, such as emotional pain and suffering.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. Compensatory damages, including general and special damages;

b. Punitive damages;

c. Costs of suit;

d. Reasonable attorney fees; and

e. Such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

20. Plaintiff demands a trial by jury on all issues so triable as of right.

Dated June 29, 2021.                         **THE BONDERUD LAW FIRM, P.A.**

*/s/ Andrew Bonderud*
Andrew M. Bonderud, Esq.
Florida Bar No. 102178
2130 Riverside Ave.
Jacksonville, FL 32204
904-438-8082 (telephone)
904-800-1482 (facsimile)
Andrew@Jax.Lawyer
Kinnette@Jax.Lawyer
BonderudLaw@gmail.com
*Counsel for Plaintiff*