IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **ROBIN JORDAN**, § § Plaintiff, § § vs. § **CASE NO. 3:21-cv-653** § **COMPLETE HEALTH PARTNERS** § **OF FLORIDA, INC., A/K/A** § **COMPLETE HEALTH PARTNERS,** § **INC., A/K/A COMPLETE** § **HEALTH, LLC,** § § Defendant. § | |

_____

**DEFENDANT'S ANSWER, DEENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Defendant, Complete Health Partners of Florida, Inc., a/k/a Complete Health Partners, Inc., a/k/a Complete Health, LLC, by and through its undersigned counsel, pursuant to Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, and submits its Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial as follows:

1. Defendant lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph No. 1 of Plaintiff's Complaint and accordingly denies the same.

1

2. Defendant admits the allegations in Paragraph No. 2 of Plaintiff's Complaint.

3. Defendant admits the allegations in Paragraph No. 3 of Plaintiff's Complaint.

4. Defendant denies the allegations in Paragraph No. 4 of Plaintiff's Complaint.

5. Defendant admits the allegations in Paragraph No. 5 of Plaintiff's Complaint.

6. Defendant admits the allegations in Paragraph No. 6 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

7. Defendant admits the allegations in Paragraph No. 7 of Plaintiff's Complaint.

8. Defendant denies the allegations in Paragraph No. 8 of Plaintiff's Complaint.

9. Defendant denies the allegations in Paragraph No. 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph No. 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph No. 11 of Plaintiff's Complaint.

## COUNT I:  RETALIATION (42 U.S.C. §2000e-3)

12. To the extent Plaintiff specifically realleges Paragraphs 1 through 11 of her Complaint, Defendant specifically realleges its admissions and denials to those Paragraphs.

13. While Defendant admits that Plaintiff is seeking the damages alleged in Paragraph No. 13, of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever in this action.

14. Defendant admits the allegations in Paragraph No. 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph No. 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in Paragraph No. 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph No. 19 of Plaintiff's Complaint.

20. Defendant denies that Plaintiff is entitled to any relief she seeks in the "WHEREFORE" section of her Complaint.

21. Defendant admits Plaintiff has requested a trial by jury on all issues so triable.

22. Defendant denies any and all claims set forth in Plaintiff's Complaint that have not been specifically admitted above and demands strict proof thereof.

23. Defendant denies any other allegations contained in the Complaint except such allegations that are admitted in its specific responses set forth in Paragraph 1 through 21, above.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state claims upon which relief may be granted.

2. To the extent that Plaintiff has failed to satisfy any conditions precedent that are necessary to maintain her claims or failed to fully exhaust her administrative remedies, such claims are barred.

3. Plaintiff's claims are barred to the extent that they are based on actions occurring outside the applicable statute of limitation.

4. Plaintiff's claims are barred to the extent that all personnel actions involving Plaintiff were undertaken in good faith and for legitimate business reasons, and without regard to any alleged protected activity.

5. Plaintiff's claims for damages are barred in whole or in part to the extent that she has failed to exercise reasonable diligence to mitigate her damages.

6. Any interim earnings and benefits that Plaintiff has received must be offset against her claim for lost wages and benefits.

7. Any damages that Plaintiff might recover in this action are subject to all applicable statutory caps or limitations on damages.

8. Plaintiff is not entitled to injunctive, equitable or declaratory relief, since Defendant's actions were premised upon legitimate, non-retaliatory reasons.

9. To the extent Defendant discovers during the course of this action that Plaintiff engaged in any conduct which would warrant or would have warranted discharge under company policy at an earlier date, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.

10. If any allegations of unlawful conduct are established, Defendant's employees or agents implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment or authority. Accordingly, Plaintiff's recovery against Defendant is limited or barred altogether.

11.     To the extent Plaintiff alleges that she has suffered any mental injuries (a contention Defendant categorically denies), Plaintiff is not entitled to damages for such injuries, as any such injuries stem from causes and conditions unrelated to her employment or the actions of Defendant or its agents.

12.     Defendant made reasonable, good faith efforts to comply with the law and such efforts preclude recovery of punitive damages in this matter.

13.     Plaintiff's claims are barred to the extent that there is no causal connection between the events alleged in the Complaint and any damages which Plaintiff allegedly suffered.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

Defendant reserves the right to plead other defenses that become known during its continuing investigation and during discovery in this case.

WHEREFORE, Defendant respectfully requests:

(a)     That Plaintiff's Complaint be dismissed;

(b)     That judgment be entered for Defendant;

(c)     That Plaintiff take nothing; and

(d)     That Defendant be awarded its attorneys' fees and costs.

DATED this 29th day of July, 2021.

        Respectfully submitted,

        CONSTANGY, BROOKS, SMITH,
        & PROPHETE, LLP
        200 W. Forsyth St., Ste. 1700
        Jacksonville, Florida 32202
        Telephone: (904) 356-8900
        Facsimile: (904) 356-8200

        By: /s/ Margaret P. Zabijaka
            Margaret P. Zabijaka
            Florida Bar No.: 119880
            mzabijaka@constangy.com
            Jadie R. Mims
            Florida Bar No.: 1002318
            jmims@constangy.com

        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of July, 2021, I electronically filed the foregoing by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record herein.

        /s/ Margaret P. Zabijaka
            Attorney